PETELIN, Respondent, v. KENNEDY, Appellant.

(No. 1,769.)

(Submitted January 19, 1904.   Decided February 1, 1904.)

*Criminal Law—Justice of the Peace—Judgment—Fine and Imprisonment.*

A judgment of a justice in a criminal case, reciting that defendant was sentenced to pay a fine of $100, and that, failing to pay it, he was remanded to be confined in jail at the ratio of one day for every $2, will be held to have been rendered under Penal Code, Section 2707 (and not under Sections 2226 and 2227), and as the imprisonment of the defendant for the full period of fifty days operated *ipso facto* to satisfy and discharge the judgment in full, the defendant was entitled to recover money collected by execution issued on said judgment.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Action by Joseph Petelin against Frank Kennedy.   From a judgment of the district court affirming a judgment of a justice for plaintiff, defendant appeals.   Affirmed.

*Mr. J. H. Duffy,* and *Mr. W. H. Trippet,* for Appellant.

*Mr. C. M. Sawyer,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On December 21, 1900, a complaint was filed in the office of Frank Kennedy (appellant here), at that time a justice of the peace for Anaconda township, Deer Lodge county, Montana, charging Joseph Petelin (respondent here) with the crime of assault in the third degree.   The defendant in that action appeared and entered a plea of guilty, and thereupon the justice of the peace court made and entered this judgment: "The defendant having pleaded guilty, the court adjudged him guilty

of assault in the third degree as charged in the complaint, and sentenced the defendant to pay a fine of one hundred (100) dollars, and the defendant, failing to pay the same, was remanded to the custody of the sheriff of Deer Lodge county, Montana, to be confined in the county jail of Deer Lodge county, Montana, at the ratio of one day for every two dollars." On December 28, 1900, an execution was issued, and money to the amount of $44.75, belonging to the defendant, Petelin, but then in the possession of a third party, was seized; the justice of the peace attempted to apply the same towards the satisfaction of such judgment, and then made an order directed to the sheriff requiring that officer to discharge the prisoner on January 19, 1901. But, notwithstanding such order, the sheriff continued to confine the defendant, Petelin, in the county jail for the full period of fifty days. Immediately upon his release the defendant made a demand upon the justice of the peace for the return of the $44.75 which had been collected and was then in the possession of that officer. This demand was refused, and thereupon this action was commenced by Petelin against Kennedy to recover such sum, together with certain items of expense for time spent and money expended in pursuit of the same. The cause was tried in the justice of the peace court, and from the judgment entered therein an appeal was taken to the district court. The cause was there tried upon an agreed statement of facts, the facts being substantially as herein set forth. The district court entered judgment for the plaintiff for the recovery of the sum of $44.75 and costs, and from that judgment this appeal is prosecuted.

It is contended by appellant that Sections 2226 and 2227 of the Penal Code are applicable to the practice in justice of the peace courts as well as district courts, and that under Section 2227 the imprisonment of Petelin for the full term of fifty days did not operate to satisfy or discharge the judgment rendered against him in whole or in part, and that the payment of such judgment could be properely enforced by execution. The application to be made of these sections is to be determined

from the character of the judgment entered in any particular case. Sections 2226 and 2227 are as follows:

"Sec. 2226. When judgment of fine and costs is entered against a defendant, and it is ordered that he be committed until the same are paid, if at any time thereafter the defendant prove to the court, or judge thereof, by his own affidavit or that of any other person, that he is unable to pay such fine and costs, or any part thereof, the court or judge thereof may order the sheriff to release him upon his having been confined in jail one day for every two dollars of such fine and costs, or any portion thereof remaining unpaid.   *   *   *

"Sec. 2227. Whenever any defendant is committed to jail for the failure to pay any fine and costs adjudged against him, and has failed to prove to the satisfaction of the court or judge thereof, that he is unable to pay the same, or any part thereof, the court must order that he be discharged from custody when he has served one day for every two dollars of such fine and costs; but this does not discharge the judgment for fine and costs, which may at any time thereafter, within the time limited by law, be collected upon execution issued thereon."

Section 2707 of the same Code reads as follows:

"Sec. 2707. A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every two dollars of the fine."

Under the provisions of this last section the court may render a judgment that the defendant in a criminal proceeding pay a fine, and may further direct that he be imprisoned until such judgment be satisfied, specifying in the judgment the term or extent of the imprisonment, which shall not exceed one day for every $2 of such fine; and, in the event such a judgment is entered, the imprisonment of the defendant during the term specified operates *ipso facto* to satisfy and discharge the judgment. The entry of this form of judgment presupposes that the court has determined that the defendant is unable to pay the fine in money, and immediately upon its entry the justice

of the peace makes out and delivers to the 'sheriff a certified copy of such judgment, which is the commitment under which the prisoner is held. If no appeal be taken by the defendant, the case is closed, so far as the justice of the peace court is concerned, and thereafter that tribunal is without authority to issue an execution based upon such judgment.

Sections 2226 and 2227, *supra,* are made applicable to the practice in justice of the peace courts, to some extent at least, by Section 2711 of the same Code, which provides: "The defendant committed under the provisions of this chapter may be discharged in the same manner as if he had been committed by the district court." Sections 2226 and 2227 contemplate a judgment imposing a fine and costs, and providing that the defendant shall be imprisoned until such fine and costs be paid. In this instance the judgment does not specify the term of such imprisonment, but provision is made whereby the defendant may secure his release from such imprisonment when he shall have served one day for every $2 of the fine and costs. While it might be proper for the justice of the peace court to render the judgment contemplated by these sections, the question for our determination is, did it do so in this instance? If it did not, then it is unnecessary for us to determine what effect, if any, imprisonment under such judgment would have towards satisfying or discharging the judgment. While the record of the justice of the peace court is informal, it is sufficient to disclose the purpose of the court in rendering the judgment, and satisfies us that it proceeded under Section 2707, *supra,* and the judgment is sufficient to bring the case within the meaning of that section. Therefore the imprisonment of the defendant for the full period of fifty days operated to satisfy and discharge that judgment in full. In this view of the case, the defendant had no lawful right or authority to retain the money belonging to Petelin which had been collected by execution, and his refusal to deliver the same upon demand, and his attempt to apply it on the judgment which had been rendered against Petelin, constituted a conversion of the fund.

Upon the facts as shown by the record, the plaintiff in this action was entitled to recover.

The judgment is affirmed.

*Affirmed.*

Rehearing denied February 24, 1904.